[Strafford, December, 1889.]

MOONEY, *Adm'x, v.* BOSTON & MAINE RAILROAD.

BILL IN EQUITY, alleging that the plaintiff's intestate was killed by the negligence of the defendants; that she was prevented from giving the notice required by Laws of 1887, *c.* 71, *s.* 2, within the time limited, by acts of the defendants' agents and attorneys, and praying that she be now allowed to give the required notice. The bill was dismissed upon a hearing, and the plaintiff filed a bill of exceptions.

*H. D. Yeaton* and *Marston & Eastman,* for the plaintiff.

*John Kivel* and *Worcester & Gafney,* for the defendants.

BLODGETT, J.    It does not definitely appear upon what grounds the plaintiff's bill was dismissed at the trial term, after the hearing had therein; but, no other ground of dismissal being shown, it is fairly to be assumed that the presiding justice found as a fact that the plaintiff was not induced to refrain from employing counsel and giving the notice required by *c.* 71, Laws of 1887, relating to actions for personal injuries resulting in death, by any acts or representations of the defendants or their authorized agents, as is alleged in the bill.    Taking this to be so, no question of law is raised by the plaintiff's exception to the order of dismissal.    Issues of fact arising in the trial term are properly for the exclusive

determination of that term, and, consequently, when they are heard and decided there, the decision will not be revised here. To support a bill of exceptions, some legal error must be alleged and shown.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.